## BASKERVILLE *vs.* CHILDS.

Where the plaintiff suffered the term at which the pleas were filed to pass without filing replications, and after the lapse of twenty-five days in the succeeding term, judgment of *non pros.* was entered against him, the court properly refused to set aside such judgment, no good cause for the failure of the plaintiff to file his replications being shown.

APPEAL from St. Louis Court of Common Pleas.

G. W. GOODE, *for Appellant.*

GEYER *and* DAYTON, *for Appellee.*

1. The judgment of *non pros.* was regularly entered, for good cause apparent on the record.—See Rev. Code, 1835, p. 460, sec. 32.

2. No good cause was shown for setting aside the judgment: the affidavit of Mr. Goode is not a part of the record, and if it can be taken notice of, furnishes no apology for neglecting to reply for an entire year.

3. The rule No. 22, set forth in the bill of exceptions, applies to a case where a replication has been filed out of time, but before judgment, and before the cause is called for trial, and to that case only.

4. Although the bill of exceptions states, that one of the reasons assigned for setting aside the judgment was, "that the replication had been offered to the court, to be filed on the day after said motion for a nonsuit had been made, and before judgment of the court given, but by the court rejected," there is no evidence of the fact stated, and the reasons filed under the rule assign no such reason.

TOMPKINS, J., *delivered the opinion of the Court.*

George D. Baskerville brought his action in the Court of Common Pleas of St. Louis county, against Samuel A. Childs, to the February term of the year 1843. At that term, the defendant demurred to the declaration, and his demurrer being overruled, he obtained leave to plead, and at the same term, to wit, on the 24th day of April, he filed his pleas to the merits. To these pleas, the plaintiff filed no replication, either at that term, or at the September term of said year. At the February term, 1844, to wit, on the 2d day of March, 1844, the defendant procured a judgment of *non pros.* to be entered up against the plaintiff, because he had not replied to the pleas of the defendant.

The 9th section of the third article of the act to regulate practice at law, p. 458 of the Digest of 1835, provides, that replications shall be filed within thirty days after the commencement of the term at which the defendant is bound to appear.

It was more than thirty days after the commencement of the return term before the defendant had filed his pleas. The plaintiff having taken no step to hasten him, it must be presumed that he assented, and the necessary consequence would be that the plaintiff, if he wished, would have a continuance until the September term; for even if there were a rule of the Court to the contrary, it is not to be presumed that the defendant would enforce it, the action being for a money demand. The September term passed, and no replication being filed, the defendant, as above stated, at the February term of the year next ensuing, to wit, of the year 1844, on the 2d day of March, took this judgment. The plaintiff moved to set aside this judgment of *non pros.*, but the court overruled his motion, and to reverse the judgment of the Court of Common Pleas, overruling his motion, he relies on a rule of that court, set out in the bill of exceptions. This rule having no manner of application to the subject, will not be commented on. The longest time the plaintiff could reasonably claim to file his replication would not have been beyond the first day of the next term, after the defendant had filed his pleas; and he took not only that time, but the whole term, and about twenty-five days in the next term thereafter. But the plaintiff also caused an affidavit to be filed. It is not considered proper to notice this affidavit, even if it contained matter in excuse of the plaintiff's negligence; for it is not set out in the bill of exceptions. It will suffice for this case to say, that the 32d section of the third article, above cited, authorizes the judgment of *non pros.* in such cases.—P. 460 of the Digest of 1835.

The judgment of the Court of Common Pleas is affirmed.